IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| **GARY DEMERCURIO and JUSTIN WYNN,**<br><br>         **Plaintiff,**<br><br>**v.**<br><br>**DALLAS COUNTY, IOWA and CHAD LEONARD**<br><br>         **Defendants** | **Case No.: 4:23-cv-00210-SHL-HCA**<br><br>**NOTICE OF AMENDED COMPLAINT**<br>**(Fourth Amended)** |

COME NOW Plaintiffs and pursuant to Federal R. Civ. Pro. 15(a)(1)(B) amend their Complaint as a matter of course as follows:

1. On July 30, 2021, plaintiffs filed their petition against Dallas County and Chad Leonard in an Iowa District Court for Dallas County. The initial petition asserted common law claims for negligence, false arrest, malicious prosecution, abuse of process, defamation, and intentional infliction of emotional distress. In addition, the petition asserted Iowa Constitutional tort claims (aka *Godfrey* claims).[1]

2. Defendants filed a motion to dismiss on September 8, 2021. Judge Rickers, a Fifth Judicial District Judge, denied the motion except as to the common law claim for negligence and the common law claim for intentional infliction of emotional distress. However, Judge Rickers later discovered that he had a conflict of interest with regard to the case and vacated his order on December 3, 2021.

---

[1] *Godfrey v. State of Iowa*, 898 N.W.2d 844 (Iowa 2017).

3. Because the allegations of the petition related to an incident that initially and subsequently involved the State Court Administrator's office, the Iowa Supreme Court, and judges from the Fifth Judicial District (including Judge Rickers), it became difficult to assign a district court judge to oversee the case.

4. On December 7, 2021, at the request of Fifth Judicial District Chief Judge Michael Huppert, the Iowa Supreme Court issued an order swapping judges between the Fifth Judicial District and the Fourth Judicial District.

5. When that did not work out, the Iowa Supreme Court issued an order on December 16, 2021, swapping judges between the Fifth Judicial District and the Second Judicial District.

6. On December 22, 2021, plaintiffs filed a motion to amend their petition.

7. On January 31, 2022, Judge Amy Moore of the Second Judicial District announced her assignment.

8. On March 22, 2022, Judge Moore issued her ruling on the Defendants' Motion to Dismiss, denying all of it except as to the claim for negligence.

9. On April 11, 2022, defendants filed their Answer.

10. On April 24, 2022, plaintiffs filed a motion to change venue. This resulted in venue being transferred to Polk County by order dated May 5, 2022.

11. On June 2, 2022, Plaintiffs filed a Second Amended Petition to add the State of Iowa as a party. The Court granted the Motion on June 9, 2022.

12. On July 25, 2022, State of Iowa filed a motion to dismiss contending that

it was immune from suit. On October 31, 2022, Judge Moore granted the State's motion to dismiss. Plaintiffs sought reconsideration and then interlocutory appeal. However, the Iowa Supreme Court denied that request on March 13, 2023.

13. On May 5, 2023, the Iowa Supreme Court decided *Burnett v. Smith,* 990 N.W.2d 289 (Iowa 2023) in which it abandoned prior rulings recognizing *Godfrey* claims against the State of Iowa. The following week, the Iowa Supreme Court issued an opinion in *White v. Harkrider*, 2023 Iowa Sup. LEXIS 54 (Iowa 2023) in which the court abandoned similar claims against municipalities. Since these plaintiffs had asserted *Godfrey* claims, those claims were no longer available.

14. In order to clarify what claims were still available to the plaintiffs, and to assert an additional claim (§1983 claim) that was not necessary to assert before the Supreme Court abandoned *Godfrey* claims, Plaintiffs sought leave to amend their Petition.

15. On June 14, 2023, Judge Moore granted Plaintiff's motion authorizing the filing of their Third Amended Petition.

16. In response to the Third Amended Petition, Defendants filed a notice of removal to this court.

17. On July 12, 2023, Defendants filed a Rule 12(b)(6) Motion to Dismiss seeking dismissal of the §1983 claim, as well as seeking the dismissal of all of the pre-existing common law claims that had been permitted by the state district court.

18. Since Defendants' motion to dismiss argues for a heightened pleading standard which had not previously been required by the state district court, Plaintiffs believe it is wise to amend their pleadings once again, this time with the filing of a Fourth Amended Complaint, discarding the use of the term Petition.[2] Since F.R.C.P. 15(a)(1)(B) permits one amendment as a matter of course in response to a Rule 12(b)(6) Motion, Plaintiffs will file their Fourth Amended Complaint which they believe meets the heightened pleading standard requested by the Defendants.[3]

WHEREFORE, Plaintiffs provide notice to the court and the Defendants of the filing of their Fourth Amended Complaint.

    Respectfully submitted,

/s/ Martin A. Diaz  
Martin A. Diaz AT0002000  
  1570 Shady Ct NW  
  Swisher, IA 52338  
  Telephone:   319.339-4350  
  Facsimile:   319.339-4426  
  E-Mail: marty@martindiazlawfirm.com

---

[2] Plaintiffs contend that their prior Petitions did meet the heightened pleading standard. Nevertheless, the amendments are intended to avoid any argument about the pleading standard.  
[3] Any changes or additions are bolded for easy reference.

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of July 2023, a copy of the foregoing document was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Jason Palmer
LAMSON DUGAN & MURRAY LLP
1045 76th Street, Suite 3000
West Des Moines, Iowa 50266
Email: jpalmer@ldmlaw.com
ATTORNEY FOR DEFENDANTS

                                            SIGNED:   __/s/ *Martin A. Diaz*_____