# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF IOWA
### CENTRAL DIVISION

| | |
|---|---|
| **GARY DEMERCURIO and JUSTIN WYNN,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**DALLAS COUNTY, IOWA and CHAD LEONARD**<br><br>**Defendants** | **Case No.: 4:23-cv-00210-SHL-HCA**<br><br>**PLAINTIFFS' RESISTANCE TO MOTION TO STRIKE AND MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT** |

COME NOW Plaintiffs and in resistance to Defendants' Motion to Strike state the following:[1]

This is a removal action. The procedural history is set forth in Plaintiffs' Notice of Amended Complaint (Fourth) filed on July 21, 2023. (Doc. 11). Removal actions are governed by Rule 81 of the Federal Rules of Civil Procedure which states: "These rules apply to a civil action after it is removed from a state court." F.R.C.P. 81(c)(1). Further, a defendant who did not answer or present other defenses before removal must do so within a set time frame. F.R.C.P. 81(c)(2). In this instance, Defendants did not answer or present other defenses with regard to the 42 USC §1983 claim before removing the case to this court. Accordingly, it was necessary for them to file an answer or other pleading. They requested leave of court to extend the time to file a

---

[1] Defendants appear to have filed this Motion to Strike after the deadline. They request leave of court to permit this Motion to be considered. With the understanding that the Court has inherent power to decide whether to grant such leave, Plaintiffs state that if they had been asked if they had any objection to a late filing, they would have indicated no objection.

responsive pleading (Doc. 3), and then filed a F.R.C.P. 12(b)(6) motion to dismiss. (Doc.

8).

At that point, F.R.C.P. 15 comes into play. F.R.C.P. 15(a)(1)(B) permits one

amendment as a matter of course in response to a Rule 12(b)(6) Motion.[2] The comments

to the 2009 amendment permitting this one-time amendment explain the reasoning:

> [T]he right to amend once as a matter of course terminates 21 days after service of a motion under rule 12(b), (e), or (f). This provision will force the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in the motion. A responsive amendment may avoid the need to decide the motion or reduce the number of issues to be decided, and will expedite the determination of issues that otherwise might be raised seriatim. It also should advance other pretrial proceedings…. Second, the right to amend once as a matter of course is no longer terminated by service of a responsive pleading. The responsive pleading may point out issues that the original pleader had not considered and persuade the pleader that amendment is wise….

Plaintiffs relied upon the context in which the case was removed in utilizing Rule

15(a)(1)(B). That context was a removal of the case based on a Federal Question ---the

§1983 claim--- to which the Defendants had yet to plead. In their Motion to Dismiss,

Defendants claimed that Plaintiffs' 3rd Amended Petition did not meet the heightened

pleading standard required in the federal system. While Plaintiffs could defend against

that argument, they chose to provide further detail in support of their allegations in order

to avoid the heightened pleading standard argument. Plaintiffs relied upon the comments

to the Rule that a pleader should consider amending to meet the arguments in the Motion

in deciding to file their 4th Amended Complaint. Plaintiffs interpreted the rule to apply to

---

[2] The Rule states as follows: "A party may amend its pleading once as a matter of course within: … 21 days after service of a motion under Rule 12(b), (e), or (f)."

the claim that forms the basis for federal court jurisdiction, the §1983 claim, which had not been the subject of a prior amendment.

Defendants argue that Plaintiffs' prior amendments to the petition (now Complaint) in the State Court action operate to prohibit the use of F.R.C.P. 15(a)(1)(B). After reviewing the cases cited by Defendants,[3] Plaintiffs believe that the best way to approach the issue is for the Court to consider the Notice of Amended Complaint filed at the time the 4th Amended Complaint was filed to be an Application for leave to file that 4th Amended Complaint and to rule on that application. This avoids an argument as to whether the general rule that amendment to pleadings in State Court cut off the one-time amendment as a matter of course applies to the scenario before the Court, when the purpose of the 2009 Amendment to Rule 15(a)(1)(B) is to help narrow legal issues and streamline the process.

Defendants further argue that leave to permit the filing of the 4th Amended Complaint should not be granted. However, F.R.C.P. 15 provides that the court "should freely give leave when justice so requires." There is no good reason to deny plaintiffs' request. First, the amendment does not raise any new causes of action. All it does is provide greater factual context and understanding of what facts correlate with each

---

[3] Not all of the cases cited are applicable to the procedural scenario here. For example, *Coventry First, LLC v. McCarty*, 605 F.3d 865, 870 (11th Cir. 2010) involved the application of the rule in existence before the 2009 Amendment at issue. *Mullane v. Porfolio Media*, No. 19-11496-PBS, 2019 U.S. Dist. LEXIS 238712, at *20 (D. Mass. Nov. 19, 2019) and *Manzano v. MetLife Bank N.A.*, 2011 U.S. Dist. LEXIS 56316 (Cal. E. Dist. Court 2011) involved a "previous amendment without leave", a scenario different than here. Nevertheless, there is enough merit to Defendants' argument to justify finding an easier route to amendment, that avoids this legal dispute.

existing cause of action. This will provide the Court with sufficient context to rule on the pending motion to dismiss. Second, the Court has not yet established any deadlines, including the pleadings deadline. The grant of leave will not delay the proceedings.[4]

Good reason to deny a motion to amend a pleading include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). None of those apply here. As noted earlier, the 4th Amended Complaint is intended to deal with some of the issues raised in the motion to dismiss. Accordingly, it would aid the court in its ultimate decision on that motion. Further, two of the prior amendments were due to the addition of a party (2nd Amended Petition--- adding the State of Iowa) and the addition of the §1983 claim necessitated by the Iowa Supreme Court decisions issued in May 2023 (3rd Amended Petition). Neither of those amendments were to cure deficiencies.[5]

Finally, it is noteworthy that in no instance in which Plaintiffs sought to amend their petition in state court did the defendants object to those amendments.

---

[4] Plaintiffs have not asked for additional time to respond to the motion to dismiss or to this motion to strike. They are not looking to delay the proceedings.

[5] The First Amended Petition sought to deal with Iowa Code §670.4A's requirement that any claim against a municipality had to assert that the law was clearly established at the time of the event. Iowa Code §670.4A(3) ("A plaintiff who brings a claim under this chapter alleging a violation of the law must state… that the law was clearly established at the time of the alleged violation."). Plaintiffs believed that the other requirements of the new statute had already been met and sought amendment in order to avoid a legal argument with regard to that issue. The "clearly established" requirement was later determined to be prospective only and would not apply to this case. *Nahas v. Polk Cty.*, 2023 Iowa Sup. LEXIS 64, *15-16 (June 9, 2023).

Attached is a copy of the 4th Amended Complaint. For the reasons outlined above,

Plaintiffs request that the Court grant them leave to file the 4th Amended Complaint.

Further, the Court should deny the motion to strike the 4th Amended Complaint.

WHEREFORE, Plaintiffs pray the Court grant them leave to file the 4th Amended

Complaint and to deny the motion to strike the 4th Amended Complaint.

Respectfully submitted,

/s/ Martin A. Diaz
Martin A. Diaz AT0002000
1570 Shady Ct NW
Swisher, IA 52338
Telephone: 319.339-4350
Facsimile:  319.339-4426
E-Mail:     marty@martindiazlawfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of August 2023, a copy of the foregoing document was filed electronically.  Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.


Jason Palmer
LAMSON DUGAN & MURRAY LLP
1045 76th Street, Suite 3000
West Des Moines, Iowa 50266
Email: jpalmer@ldmlaw.com
ATTORNEY FOR DEFENDANTS


SIGNED:  __/s/ *Martin A. Diaz*_____